HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL GROZAV and LIDIA GROZAV, | CASE NO. C15-5541 RBL |
| Plaintiffs, | ORDER GRANTING SUMMARY JUDGMENT |
| v. | |
| CITY OF VANCOUVER et al., | DKT. #15 |
| Defendants. | |

THIS MATTER comes before the Court on the City Defendants' (City of Vancouver, Chad Eiken, Betsy Scrivner, and Royce Pollard's ) Motion for Summary Judgment [Dkt. #15]. The case involves a long simmering land-use dispute between Plaintiffs Daniel and Lidia Grozav, their neighbors (the Harts), and the City. In a 2011 state court action, the City sued the Grozavs to abate a public nuisance. The details of that case are sparse in this record, but the City voluntarily dismissed it in 2015. The Grozavs brought this case six months later. They claim the City violated their constitutional due process and property rights by refusing to let them build on their property. They also assert state law outrage, conspiracy, and malicious prosecution claims. The City argues that these claims are time-barred and that the Grosavs were compelled to assert them as counterclaims in the state court action.

1    Each of the Grosavs' claims is subject to a three year statute of limitations period, at
2    most. *See Bagley v. CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) ("[T]he appropriate
3    statute of limitations in a § 1983 action is the three-year limitation of RCW 4.16.080(2)."); *Doe*
4    *v. Finch*, 133 Wash.2d 96, 101 (1997) (Either a two or a three-year statute of limitations applies
5    to outrage claims.); *Azpitarte v. Sauve*, 188 Wash.App. 1016, 2015 WL 3766529, at *2 (2015)
6    (Civil conspiracy claims have a three-year statute of limitations.); *Coffey v. Mugler*, 68 Fed.
7    App'x 822 (9th Cir. 2003) (Washington malicious prosecution claims are subject to a three-year
8    statute of limitations.).

9    The City's efforts to stop the Grosavs' construction project—which appears to be the
10   basis for their claims—occurred no later than its 2011 lawsuit on the subject, more than three
11   years before the Grosavs filed this suit.

12   Nevertheless, the Grozavs argue that the Court should equitably toll their claims. To
13   prevail, they must show that they diligently pursued their claims and that the Defendants acted in
14   bad faith to prevent them from filing suit. *See Benyaminov v. City of Bellevue,* 144 Wash.App.
15   755, 767, 183 P.3d 1127 (2008), *review denied,* 165 Wash.2d 1020, 203 P.3d 378 (2009); *see*
16   *also Millay v. Cam,* 135 Wash.2d 193, 206, 955 P.2d 791 (1998). The Grozavs have not shown
17   either, so equitable tolling cannot apply. *See id*.

18   The only action taken by the City that falls within the limitations period is its pursuit and
19   dismissal of its state court action. Because the Grosavs have no federal right to force the City to
20   pursue claims against them, and they have not shown the necessary elements of a malicious
21   prosecution claim (special injury and arrest or seizure of property), they have no cause of action
22   to sustain on the merits. *See Gem Trading Co. v. Cudahy Corp.*, 92 Wash.2d 956, 965, 603 P.2d

23

24

1  828, 834 (1979) (elements of a malicious prosecution claim). Thus, the Court need not reach the

2  Defendants' counterclaim argument.

3      Accordingly, the City Defendants' Motion for Summary Judgment [Dkt. #15] is

4  GRANTED, and the Grozavs' claims against them are DISMISSED with prejudice.[1]

5      IT IS SO ORDERED.

6      Dated this 22nd day of January, 2016.

*/s/ Ronald B. Leighton*

Ronald B. Leighton
United States District Judge

---

[1] In their Reply [Dkt. #20], the City Defendants ask the Court to strike the Grozavs' exhibits N, R, S, U, and V. Their request is DENIED as moot.

DKT. #15 - 3